**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4345

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD SHAW, a/k/a Fuzz,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cr-00041-JPB-JPM-1)

Submitted:  November 25, 2024                    Decided:  December 23, 2024

Before NIEMEYER and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brendan S. Leary, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia; Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Carly Cordaro Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Shaw appeals his conviction and sentence after pleading guilty to possession with intent to distribute 50 grams or more of methamphetamine within 1,000 feet of a protected location. On appeal, Shaw's attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether the district court erred in imposing a prison sentence within the advisory Guidelines range but concluding that there were no meritorious grounds for appeal. Shaw filed a pro se supplemental brief and an amended pro se supplemental brief asserting ineffective assistance of counsel and sentencing claims. We previously directed the parties to file supplemental briefs addressing whether the magistrate judge plainly erred in advising Shaw about the statutory penalty for supervised release; and if so, whether Shaw can show that his substantial rights were affected by the alleged error. The parties have now filed the briefs as directed. We affirm.

We first consider the validity of Shaw's guilty plea. "[T]o be constitutionally valid, a plea of guilty must be knowingly and voluntarily made." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (internal quotation marks omitted). Rule 11 of the Federal Rules of Criminal Procedure "outlines the requirements for a district court plea colloquy, designed to ensure that a defendant 'understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant.'" *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023) (quoting *United States v. Vonn*, 535 U.S. 55, 62 (2002)). Among other things, Rule 11 requires that a defendant be advised of any maximum possible penalty and any mandatory minimum penalty. Fed. R. Crim. P. 11(b)(1)(H)-(I); *United States v. Massenburg*, 564 F.3d 337, 341 (4th Cir. 2009). "The district court must also 'determine

2

that the plea is voluntary and that there is a factual basis for the plea.'" *United States v. Taylor-Saunders*, 88 F.4th 516, 522 (4th Cir. 2023).

When a defendant contests the validity of a guilty plea that he did not challenge or seek to withdraw in the district court, we review the challenge only for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). Plain error can be reviewed where the defendant establishes: (1) there is error; (2) the error is plain; and (3) the error affects his substantial rights. *Id*. "To satisfy this third condition, the defendant must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Perdue*, 110 F.4th 662, 668 (4th Cir. 2024) (internal quotation marks omitted). Specifically, he must "show a reasonable probability that, properly informed . . . he would not have pleaded guilty." *Id*. at 670; *King*, 91 F.4th at 763.

Even if the defendant satisfies this three-prong test, we will exercise our discretion to remedy the error "only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *King*, 91 F.4th at 760 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "The defendant bears the burden of satisfying each element of the plain error standard." *Id*. We review the entire record to evaluate a defendant's challenge to the validity of his guilty plea. *See Greer v. United States*, 593 U.S. 503, 511 (2021); *United States v. Heyward*, 42 F.4th 460, 467 (4th Cir. 2022).

In their supplemental briefs, the parties agree that the magistrate judge plainly erred in advising Shaw of the statutory penalty for supervised release at his Rule 11 hearing. As correctly stated in his subsequent presentence report, he faced a mandatory minimum term of supervised release of eight years; but the magistrate judge advised Shaw that he faced a

supervised release term of six years.  We agree that the magistrate judge plainly erred, but we conclude that Shaw fails to show a reasonable probability that if he had been properly informed of the supervised release term, he would not have pled guilty to the offense.

On appeal, Shaw has not provided any evidence or an affirmative representation that he would not have pled guilty if correctly informed of the supervised release term; and by pleading guilty to the offense, he received a reduction in his advisory Guidelines range for imprisonment.  Moreover, when he was correctly informed of the supervised release term in his presentence report at sentencing, he did not object or seek to withdraw his guilty plea.  Although "erroneous sentencing information given during a Rule 11 colloquy cannot be cured by contrary information later contained in a PSR," *United States v. Lockhart*, 947 F.3d 187, 192 (4th Cir. 2020) (en banc), a defendant's "failure to move to withdraw his guilty plea after learning of the mandatory minimum through the PSR is some evidence that he would have entered the plea regardless," *Massenburg*, 564 F.3d at 344.

We therefore conclude that Shaw's guilty plea is valid.  We also find the remaining issues raised in the *Anders* and pro se briefs without merit.  *Anders* counsel raises the issue of whether Shaw's prison sentence at the bottom of his Guidelines range is reasonable; and in his pro se briefs, Shaw asserts ineffective assistance and sentencing claims.

Ineffective assistance of counsel claims are typically "litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," *Massaro v. United States*, 538 U.S. 500, 505 (2003), but we are permitted to and will consider such claims "on direct review where the ineffectiveness of counsel 'conclusively appears in the trial record itself,'"

4

*United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc).  To establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was not objectively reasonable and (2) that counsel's deficient performance prejudiced him.  *Freeman*, 24 F.4th at 326.  When the claim is made on direct appeal, we will review it de novo and "will reverse only if it '*conclusively appears in the trial record itself* that the defendant was not provided . . . effective representation.'"  *Id*.

"'This Court reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'"  *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024).  "First, we determine whether the district court has committed significant procedural error."  *United States v. McKinnie*, 21 F.4th 283, 289 (4th Cir. 2021).  "Second, we consider whether the sentence imposed was substantively reasonable."  *Id*.  "A sentence is substantively unreasonable only where under the totality of the circumstances, the 'sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a).'"  *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022).  "'[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable.'"  *Id*.

"'[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors.'"  *United States v. Everett*, 91 F.4th 698, 714 (4th Cir. 2024).  "'[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.'"  *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020).  "As we have previously acknowledged, district courts have discretion to consider policy decisions underlying the Guidelines, including the

presence or absence of empirical data and may even reject Guidelines on that basis, but they are under no obligation to do so." *United States v. Powers*, 40 F.4th 129, 138 (4th Cir. 2022) (internal quotation marks omitted). "[A] district court may choose to adhere to the Guidelines because they represent the institutional authority of the [Sentencing] Commission and Congress" or "because the court agrees that the sentencing range they recommend suits the instant offense and offender." *Id*. (internal quotation marks omitted).

We have reviewed the record and conclude that no ineffective assistance of counsel conclusively appears in the trial record itself; and Shaw should raise his claims, if at all, in a 28 U.S.C. § 2255 motion. We further conclude that Shaw's sentence is procedurally and substantively reasonable. The district court correctly calculated Shaw's Guidelines range, conducted an individualized assessment of the facts and arguments presented, and adequately explained the sentence chosen; and under the totality of the circumstances, the district court did not abuse its discretion in concluding that its sentence satisfied the standards under 18 U.S.C. § 3553(a). As for Shaw's pro se claim regarding Amendment 821, the district court properly sentenced him based on the Sentencing Guidelines in effect at the time of sentencing; and we decline to consider this claim without prejudice to him filing a motion under 18 U.S.C. § 3582(c)(2). *See United States v. McCoy*, 804 F.3d 349, 353 (4th Cir. 2015); *United States v. Brewer*, 520 F.3d 367, 373 (4th Cir. 2008).

Accordingly, we affirm the district court's judgment. This court requires that counsel inform Shaw, in writing, of his right to petition the Supreme Court of the United States for further review. If Shaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

6

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Shaw.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*